UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VINCENT FLEETON | * | CIVIL ACTION NO. 2:23-cv-06715 |
| | * | |
| | * | SECTION I |
| VERSUS | * | |
| | * | JUDGE AFRICK |
| | * | |
| MADCON CORPORATION | * | MAGISTRATE VAN MEERVELD |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO LIMIT TESTIMONY OF HOLLY SHARP, CPA AND RYAN KELLY, CPA**

The defendant, MADCON Corporation ("MADCON"), through undersigned counsel, submits this Memorandum in Opposition to the Plaintiff's Motion in Limine to Limit Testimony of Holly Sharp, CPA and Ryan Kelly, CPA (R. Doc. 23) (the "Motion").

## I. BACKGROUND

In the Motion, the plaintiff seeks to limit MADCON's expert economists, Holly Sharp, CPA and/or Ryan Kelly, CPA (collectively, the "MADCON Economist"), from offering testimony regarding the deduction of the amounts paid in maintenance benefits from any award of past wages to the plaintiff after trial in this matter. The plaintiff argues that such an argument is contrary to the established jurisprudence of the U.S. Court of Appeals for the Fifth Circuit, under which the total amount of maintenance benefits paid prior to trial is not to be deducted from any past wage loss award.

## II. LAW AND ARGUMENT

At the outset, MADCON concedes the accuracy of the plaintiff's general characterization of the operation of the law with respect to the calculation of past wage loss awards when maintenance benefits have been paid to a plaintiff prior to trial. MADCON respectfully represents

that the MADCON Economist deducted the amount of maintenance benefits paid to the plaintiff because the MADCON Economist believed that the maintenance benefits were to be treated as though they were payments of advance wages, which would give rise to a dollar-for-dollar credit in MADCON's favor against any potential past wage loss award.

However, the relief sought by the Motion is not warranted. Limiting the proposed testimony of the MADCON Economist is not necessary because the plaintiff is free to cross-examine the MADCON Economist at trial regarding the basis for the calculations included in the relevant expert report. During cross-examination, the plaintiff may explore how the MADCON Economist calculated the plaintiff's total past wage loss and what amounts were deducted from the assessment of this component of the plaintiff's alleged damages. Subsequently, the finder of fact may weigh the testimony in deciding whether to award the plaintiff any past wage loss and, if so, what components should be included in such an award after receiving appropriate instructions regarding the governing law from the Court.

**WHEREFORE**, MADCON Corporation prays that this Court deny the Motion and for all other general and equitable relief this Court deems appropriate to grant.

Respectfully submitted,

*/s/ Andrew Waters*

JASON P. WAGUESPACK (#21123)
ANDREW V. WATERS (#37913)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, Suite 4000
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
jwaguespack@gallowaylawfirm.com
awaters@gallowaylawfirm.com
Counsel for MADCON Corporation