# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VINCENT FLEETON** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-6715** |
| **MADCON CORPORATION** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Vincent Fleeton's ("plaintiff") motion[1] *in limine* to limit and/or exclude testimony by defendant MADCON Corporation's ("defendant") expert economists, Holly Sharp ("Sharp") and Ryan Kelly ("Kelly"), insofar as the testimony seeks to reduce plaintiff's past lost wages by the amount that he has been paid in maintenance as a Jones Act seaman. Defendant opposes the motion.[2] For the reasons that follow, the Court grants plaintiff's motion.

## I. BACKGROUND

Plaintiff's complaint claims that he is a Jones Act seaman who was employed by defendant "as a member of the crew of a vessel on which he was injured" while acting within the course of his employment.[3] Such injuries, he alleges, were sustained while carrying batteries for winches and resulted from defendant's negligence and/or the unseaworthiness of the vessel on which he was employed.[4] Plaintiff contends that

---

[1] R. Doc. No. 23.
[2] R. Doc. No. 29.
[3] R. Doc. No. 1, ¶¶ I, V.
[4] *Id.* ¶¶ VI–VII.

he suffered numerous damages, including "[p]ast and future wage loss or diminution of earning capacity."[5]

Plaintiff's present motion states that defendant "has paid maintenance to [plaintiff] as part of its obligation to furnish maintenance and cure to its injured seamen."[6] Plaintiff further explains that he has received Sharp's and Kelly's joint expert report, in which their calculation for past wages lost deducts the amount that defendant paid plaintiff in maintenance.[7] Plaintiff argues that such a deduction is prescribed by Fifth Circuit precedent.[8] Defendant concedes that plaintiff's characterization of the law is accurate.[9] However, it argues that excluding testimony regarding this deduction is not warranted because plaintiff is free to cross-examine Sharp and Kelly, whereupon the jury can weigh the testimony and make a decision after receiving instructions on the appropriate governing law.[10]

## II.   STANDARDS OF LAW & ANALYSIS

The Court first considers the relevant law with respect to how to calculate past lost wages when maintenance has been paid. The Court then considers whether, in light of this law, testimony deducting maintenance from past wages is admissible pursuant to the Federal Rules of Evidence.

---

[5] *Id.* ¶ IX.
[6] R. Doc. No. 23-1, at 1.
[7] *Id.* at 1–2.
[8] *Id.* at 2–3.
[9] R. Doc. No. 29, at 1–2.
[10] *Id.* at 2.

### a. The Effect of Maintenance and Cure

In *Morel v. Sabine Towing & Transportation*, 669 F.2d 345, 346 (5th Cir. 1982), the Fifth Circuit considered whether maintenance was due during periods of paid vacation. The court concluded that paid vacation amounted to part of a seaman's wages, while maintenance was the "equivalent of the food and lodging to which a seaman is entitled while at sea." *Id.* The court further declared that "maintenance is neither the substitute for wages nor is it to be considered in lieu of a seaman's wages, in whole or in part." *Id.*

In light of *Morel*, the Fifth Circuit, in *Ceja v. Mike Hooks, Inc.*, 690 F.2d 1191, 1197 (5th Cir. 1982) (overruled on other grounds by *Gautreaux v. Scurlock Marine*, 107 F.3d 331 (5th Cir. 1997)), held that the trial court "erred in using the motive of preventing double recovery to offset the award of past lost wages with the amount of maintenance paid." The court clarified that "absent an 'explicit contractual provision specifying that . . . . wages [are] to be deemed a substitute for maintenance, there is no basis for crediting such earned wages against the vessel owner's maintenance obligation.'" *Id.* (quoting *Morel*, 669 F.2d at 346). *Morel* and *Ceja* "make it clear that an award of maintenance by the trial court in addition to a general damage award that includes past and future wages is proper." *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 378 (5th Cir. 1989).

Courts in the Eastern District of Louisiana have continued to apply *Ceja*'s holding. *See, e.g.*, *Lomax v. Marquette Transp.*, No. 16-17825, 2019 U.S. Dist. LEXIS 941, at *16 (E.D. La. Jan. 3, 2019) (Milazzo, J.) ("It is error to deduct maintenance

3

paid from an award of past lost wages."); *Owens v. Abdon Callais Offshore, LLC*, No. 10-3296, 2011 U.S. Dist. LEXIS 66058, at *22–23 (E.D. La. June 14, 2011) (Vance, J.) ("[T]he wages [defendant] paid [plaintiff] while he worked on light duty do not offset [defendant's] payment of an inadequate maintenance rate.").

It is therefore improper for the jury to consider arguments that the maintenance which plaintiff has received should be deducted from any possible award of past lost wages.

### b. Federal Rules of Evidence 401 and 402

Federal Rule of Evidence 402 provides that relevant evidence is generally admissible unless provided otherwise. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence is defined as evidence having "any tendency to make a fact more or less probable than it would be without the evidence" when the fact "is of consequence in determining the action." Fed. R. Evid. 401.

In light of the impropriety of deducting maintenance from past lost wages, the wages that plaintiff would be owed if maintenance were deducted is not of consequence. Defendant presents no argument as to why this number is relevant other than to suggest that the jury can consider it in determining how much, if any, damages to award.[11] The Court therefore concludes that this testimony would be irrelevant.

### III. CONCLUSION

Accordingly, and for the foregoing reasons,

---

[11] R. Doc. No. 29, at 2.

4

**IT IS ORDERED** that plaintiff's motion to prohibit Sharp and Kelly from testifying regarding any calculation of past lost wages reduced by what defendant has paid plaintiff in maintenance is **GRANTED**. Neither Sharp nor Kelly shall provide any testimony to that effect.

New Orleans, Louisiana, July 12, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**